**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

AUG 28 2026 AM10:06
FILED-USDC-CT-HARTFORD

| | | |
|---|---|---|
| TRACINA CONWAY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | (to be assigned) |
| v. | ) | |
| | ) | JURY TRIAL |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) | DEMANDED |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

Plaintiff Tracina Conway, appearing pro se, brings this action against Defendant Experian Information Solutions, Inc. for violations of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq. (the FCRA), and alleges as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages arising from Defendant Experian Information Solutions, Inc. (Experian) reporting inaccurate, internally contradictory, and materially misleading derogatory account information about Plaintiff, failing to conduct a reasonable reinvestigation after Plaintiff disputed that information in writing, and refusing to disclose the method by which it claimed to have verified anything.

2. Nine days after Experian generated a report carrying the inaccurate information described below, American Express denied Plaintiff a deposit account application expressly because of a FICO score that American Express obtained from Experian, citing serious delinquency and balance-to-limit ratios, the very characteristics driven by the false reporting.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. 1331 because this action arises under a federal statute, and under 15 U.S.C. 1681p, which permits an action to enforce

liability under the FCRA to be brought in any appropriate United States district court without regard to the amount in controversy.

4. Venue is proper in this District under 28 U.S.C. 1391(b) because a substantial part of the events giving rise to the claims occurred in this District, where Plaintiff resides in Hartford County, where Experian published Plaintiff's consumer file information to users including American Express, and where Plaintiff was denied credit and suffered harm, and because Experian is subject to personal jurisdiction in this District and therefore resides here for venue purposes under 28 U.S.C. 1391(c)(2).

## III. PARTIES

5. Plaintiff Tracina Conway is a natural person residing at 208 Main Street, Apt A, Manchester, Connecticut 06042. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1681a(c).

6. Defendant Experian Information Solutions, Inc. is a corporation organized under the laws of the State of Ohio with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626. Experian may be served through its registered agent in Connecticut.

7. Experian is a consumer reporting agency as that term is defined by 15 U.S.C. 1681a(f). For monetary fees, Experian regularly engages in whole or in part in the practice of assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties, and it uses means and facilities of interstate commerce to prepare and furnish those reports.

## IV. FACTUAL ALLEGATIONS

8. Experian maintains a consumer file on Plaintiff and prepares and furnishes consumer reports about Plaintiff from that file, including the report bearing Experian report number 1181-9355-32.

*A. The inaccurate tradelines*

9. Experian reported a Capital One credit card, account beginning 515307, opened August 25, 2021, with the status Account charged off, $3,644 written off, $3,444 past due as of July 2026, a balance of $3,444, a past due amount of $3,444 against a credit limit of $3,250, and a highest balance of $3,644. The tradeline reported a fresh charge-off rating and a fresh current past-due statement for every month from February 2025 through July 2026 on a closed account, reported an amount written off that exceeds the reported balance by $200 while reporting no payment, no recent payment, and no monthly payment that could explain the reduction, and reported a past due amount exceeding the account's own credit limit. The summary section of the same July 22, 2026 report package stated that $3,444 had been written off on this account, while the tradeline detail stated that $3,644 had been written off, two irreconcilable figures published to users on the same day.

10. The payment history Experian reported for the same account was internally impossible: 30-day ratings in January and February 2024, a return to current in March 2024 followed immediately by a 30-day rating in April 2024, an escalation through 60, 90, 90, 120, 120, 150, and 150 day ratings through December 2024, a repeated 150-day rating in January 2025, and then a charge off in February 2025, a sequence in which the account is rated current in the middle of a delinquency run and remains at 150 days for three consecutive months without ever progressing further before charge off.

11. Experian reported a second Capital One credit card, account beginning 517805, opened May 3, 2022, with the status Account charged off, $4,474 written off, $3,835 past due as of July 2026, a balance of $3,835, a past due amount of $3,835 against a credit limit of $3,000, and a highest balance of $4,474. The tradeline reported the amount written off exceeding the

reported balance by $639 while reporting no payment or credit explaining the difference, a past due amount exceeding the credit limit by $835, and a fresh charge-off rating with a fresh current past-due statement for every month from July 2024 through July 2026 on a closed account.

12. Experian reported a CCS/First Savings Bank credit card, account beginning 543360, opened September 28, 2020, with the status Account charged off, $960 written off, $960 past due as of June 2024, a balance of $960 against an $850 credit limit, and a balance-update date of June 4, 2024, more than two years before the report date, while continuing to publish the account as carrying a current past-due balance. The reported payment history escalated from a 30-day rating in February 2024 to 60 days in March and 90 days in April and then directly to charge off in May 2024, reporting that the creditor charged off the account after at most 90 days of delinquency and skipping the 120, 150, and 180 day stages that precede a credit card charge off in the ordinary course.

13. Experian reported an Upstart Network Inc unsecured loan, account beginning L17597, opened September 24, 2021 and sold to Jefferson Capital Systems LLC, with the status Closed, $3,631 written off, and a payment history that escalated from a 30-day rating in April 2024 to 60 days in May and 90 days in June and then directly to charge off in July 2024, again skipping every intermediate delinquency stage.

14. Experian also reported a CCS/First National Bank account, beginning 423980, opened July 20, 2015, with the literal status NO STATUS, no balance, no payment history, and no account type, information so incomplete that it could not be verified as accurate by anyone and communicated nothing except an additional negative-appearing item on Plaintiff's file.

***B. Plaintiff's disputes and Experian's responses***

15. On or about June 19, 2026, Plaintiff sent Experian a written dispute by USPS certified mail, tracking number 9207190235890900004094O896, disputing the accounts described above as inaccurate, incomplete, and unverifiable and requesting that Experian reinvestigate and correct or delete them.

16. Experian received the dispute. Its online dispute results as of July 22, 2026 stated that the Upstart account had been updated, that two Comenity accounts had been verified as accurate with information unrelated to the dispute updated, and that at least seven other disputed items, including both Capital One charge-off accounts and the CCS/First Savings Bank account, remained pending. The results page directed Plaintiff to review her report for the details.

17. The report Experian generated the same day, July 22, 2026, shows that the inaccuracies described above remained in Plaintiff's file unchanged: both Capital One accounts still reported written-off amounts contradicting their own balances, past-due amounts above their credit limits, and monthly recurring charge-off ratings, and the CCS/First Savings Bank account still reported a stale, two-year-old balance as currently past due.

18. On or about July 30, 2026, Plaintiff sent Experian a second written request by USPS certified mail, tracking number 9207190235890900004357 7419, demanding pursuant to 15 U.S.C. 1681i(a)(6)(B)(iii) and 1681i(a)(7) a description of the procedure used to verify the disputed information, including the identity of the furnisher contacts and the records relied upon.

19. Experian responded with boilerplate stating that the disputed information had been verified. It provided no description of any procedure, identified no person contacted, no communication, and no document or record reviewed, and it corrected nothing.

20. On information and belief, Experian's reinvestigation consisted of transmitting automated consumer dispute verification codes to the furnishers through the e-OSCAR system and

accepting the furnishers' coded responses, without reviewing any underlying account documentation and without examining the contradictions apparent on the face of Experian's own report, including a written-off amount that exceeded the balance it purportedly produced, past-due amounts above credit limits, two different written-off figures for the same account in the same report package, and delinquency ladders that are chronologically impossible.

***C. Harm to Plaintiff***

21. On July 28, 2026, American Express National Bank denied Plaintiff's application for an American Express Rewards Checking account. Its written adverse action notice states that the decision was based on Plaintiff's FICO score, that American Express obtained that score from Experian, that the score was 621 as of July 28, 2026, and that the key factors were a serious delinquency on one or more accounts, a ratio of revolving balances to credit limits that is too high, a ratio of loan balances to loan amounts that is too high, and the number of accounts with a delinquency.

22. Each cited factor was driven by the inaccurate information described above, including thousands of dollars in past-due balances reported monthly on closed, charged-off accounts in amounts exceeding the accounts' own credit limits and contradicting the accounts' own written-off amounts.

23. As a direct and proximate result of Experian's conduct, Plaintiff has suffered actual damages, including the July 28, 2026 denial, a suppressed credit score, diminished creditworthiness, damage to reputation, out-of-pocket costs for certified mailings, lost time, and emotional distress, including frustration, anxiety, and humiliation from the denial and from Experian's refusal to correct or even explain its verification of facially impossible data.

24. Experian's conduct was willful. The contradictions were apparent on the face of its own report, Plaintiff identified them in writing, and Experian verified them anyway and refused to disclose any method of verification. In the alternative, Experian's conduct was negligent.

## V. CAUSES OF ACTION

***COUNT ONE: Violation of 15 U.S.C. 1681e(b) (Willful, or in the Alternative Negligent)***

25. Plaintiff realleges and incorporates every preceding paragraph as if fully set forth herein.

26. Experian prepared consumer reports concerning Plaintiff, including the report and score furnished to American Express on or about July 28, 2026, and failed to follow reasonable procedures to assure maximum possible accuracy of the information in those reports, in violation of 15 U.S.C. 1681e(b), by reporting the inaccurate, internally contradictory, and materially misleading information described above.

27. Experian's violations of 15 U.S.C. 1681e(b) were willful within the meaning of 15 U.S.C. 1681n, or in the alternative negligent within the meaning of 15 U.S.C. 1681o, and Plaintiff is entitled to recover actual damages, statutory damages of not less than $100 and not more than $1,000, punitive damages, and costs.

***COUNT TWO: Violation of 15 U.S.C. 1681i (Willful, or in the Alternative Negligent)***

28. Plaintiff realleges and incorporates every preceding paragraph as if fully set forth herein.

29. After receiving Plaintiff's written disputes of June 19, 2026 and July 30, 2026, Experian violated 15 U.S.C. 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate; violated 15 U.S.C. 1681i(a)(2) on information and belief by failing to provide the furnishers with all relevant information regarding

the disputes that Plaintiff had submitted; violated 15 U.S.C. 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff; violated 15 U.S.C. 1681i(a)(5)(A) by failing to promptly delete or modify information that was inaccurate, incomplete, or could not be verified; and violated 15 U.S.C. 1681i(a)(6)(B)(iii) and 1681i(a)(7) by failing to provide, in response to Plaintiff's demand, any description of the procedure used to determine the accuracy and completeness of the disputed information, including the identity of and contact information for the furnishers contacted.

30. Experian's violations of 15 U.S.C. 1681i were willful within the meaning of 15 U.S.C. 1681n, or in the alternative negligent within the meaning of 15 U.S.C. 1681o, and Plaintiff is entitled to recover actual damages, statutory damages of not less than $100 and not more than $1,000, punitive damages, and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant Experian Information Solutions, Inc. and award Plaintiff:

a. Actual damages pursuant to 15 U.S.C. 1681n(a)(1)(A) and 15 U.S.C. 1681o(a)(1);

b. Statutory damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. 1681n(a)(1)(A);

c. Punitive damages pursuant to 15 U.S.C. 1681n(a)(2);

d. The costs of this action pursuant to 15 U.S.C. 1681n(a)(3) and 15 U.S.C. 1681o(a)(2), together with reasonable attorney's fees should Plaintiff retain counsel;

e. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: August 8, 2026

Respectfully submitted,

______________________________, TTEE 8609837618

Tracina Conway
Plaintiff, Pro Se
208 Main Street, Apt A
Manchester, Connecticut 06042
conwaytraci@hotmail.com